UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04469-MRA-PD | Date | January 28, 2026 |
|---|---|---|---|
| Title | *Steven Taylor v. United States Postal Service* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**        (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING SERVICE

Plaintiff Steven Taylor ("Plaintiff"), proceeding *pro se*, brings this action against the United States Postal Service ("Defendant" or "USPS"). ECF 1. On August 11, 2025, Plaintiff requested default judgment. ECF 15. The Court struck Plaintiff's request for default judgment because Plaintiff's filing did not conform with Federal Rule of Civil Procedure 55. ECF 17.

On August 21, 2025, Plaintiff requested entry of default by the Clerk against Defendant. ECF 19. On September 16, 2025, the Court issued an order striking Plaintiff's request for entry of default, on the grounds that Plaintiff had not demonstrated that the complaint had been served in accordance with Federal Rule of Civil Procedure Rule 4(i). ECF 21.

On October 1, 2025, Plaintiff filed two proofs of service. The first reflected that the summons and complaint were sent by certified mail to the United States Attorney General, at the address 950 Pennsylvania Ave., NW, Washington, D.C., and were received on September 29, 2025. ECF 22. The second reflected that the summons and complaint were sent by certified mail to the United States Attorney for the District of California, at the address 312 North Spring St., Suite 1200, Los Angeles, CA, 90012 and were received on September 22, 2025. ECF 23.

On October 8, 2025, Plaintiff filed a third proof of service. The third proof of service reflected that the summons and complaint were sent by certified mail to the Civil Process Clerk office of the United States Attorney, located at Room 7516, Federal Building 300 North Los Angeles St., Los Angeles, CA, 90012. ECF 24. According to this proof of service, the Civil Process Clerk received the summons and complaint on October 7, 2025. *Id.*

On October 14, 2025, Plaintiff requested that the Clerk enter default. ECF 25. The Clerk then issued a notice of deficiency, stating that default could not be entered because Defendant's time to respond had not yet expired. ECF 26; *see* Fed. R. Civ. Proc. 12(a)(1)(A)(i) (requiring

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04469-MRA-PD | Date | January 28, 2026 |
|---|---|---|---|
| Title | *Steven Taylor v. United States Postal Service* | | |

answer within 21 days of service).

On November 10, 2025, Plaintiff filed a document titled "Notice of Errata," in which he requested that the Court "disregard Docket Entry No. 24"—*i.e.*, the proof of service reflecting service by certified mail on the Civil Process Clerk on October 7, 2025. ECF 27. According to Plaintiff's filing, that proof of service "was inadvertently filed in error." *Id.*

On November 19, 2025, Plaintiff requested the clerk to enter default. ECF 28. The Clerk issued a notice of deficiency for Plaintiff's request and forwarded Plaintiff's request to this Court. ECF 30.

The Court then issued an order striking Plaintiff's request for default. ECF 31. In its Order, the Court considered only the first two proofs of service (showing service on the United States Attorney General and on the United States Attorney for the Central District of California) (ECF 22, 23), because Plaintiff had requested that the Court "disregard" the third proof of service showing service on the Civil Process Clerk. ECF 27. The Court concluded that Plaintiff's proof of service as to the United States Attorney for the Central District of California was deficient because the certified mailing was not directed at the civil-process clerk, as required by Rule 4(i)(1)(A). ECF 31. The Court ordered Plaintiff to serve Defendant in conformance with Federal Rule of Civil Procedure 4(i)(A), and to file a proof of service reflecting proper service within 30 days. *Id.*

Plaintiff then filed a document titled "Notice of Withdrawal of Errata." ECF 32. In this filing, Plaintiff referred to the "Notice of Errata" filed on November 10, stating that the Errata was "inadvertently filed" and "does not reflect Plaintiff's intended submission." *Id.* Plaintiff further stated "that Docket No. 24 is correct and should be considered the operative submission." *Id.* In other words, after the Court struck Plaintiff's request for default for failure to demonstrate service, Plaintiff asked the Court to consider the proof of service he had previously filed but had withdrawn.

Plaintiff then requested entry of default for the fourth time. ECF 33. Before the Clerk acted upon Plaintiff's request, Defendant filed a Motion to Dismiss Plaintiff's complaint. ECF 34. The Court then struck Plaintiff's request for default in light of the pending motion to dismiss. ECF 41.

As the foregoing background reveals, the record before the Court has been obfuscated by Plaintiff's submissions, and consequently, the Court is unable to ascertain when Defendant was properly served. According to the October 8 proof of service that Plaintiff filed, then withdrew, then re-submitted, the U.S. Attorney Civil Process Clerk received the complaint and summons on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04469-MRA-PD | Date | January 28, 2026 |
|---|---|---|---|
| Title | *Steven Taylor v. United States Postal Service* | | |

October 7, 2025.  ECF 24.  The tracking information submitted with the proof of service reflects that the mailing was received on October 7, 2025.  *Id.* at 5.  But Plaintiff has submitted other filings which are inconsistent with that proof of service.  For example, in one declaration, Plaintiff claims that the Civil Process Clerk was served on September 19, 2025.  ECF 29.  In yet another, Plaintiff claims the Civil Process Clerk was served on October 4, 2025.

In light of these inconsistencies, the Court cannot determine when Defendant was served, and thus, it cannot determine whether Defendant's Motion to Dismiss (filed on January 2, 2025) was timely under Federal Rule of Civil Procedure 12.  The parties are therefore **ORDERED TO SHOW CAUSE** in writing, no later than February 3, 2026, in a filing not to exceed five (5) pages, as to when service of the summons and complaint on Defendant was completed, and, if appropriate, why default should not be entered against Defendant.

**IT IS SO ORDERED.**

_____  :  _____

Initials of Deputy Clerk      mku